**Opinion issued December 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00734-CV

————————————

## IN THE INTEREST OF J.M.H.

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-05259J**

---

## MEMORANDUM OPINION

This is an accelerated appeal from a decree terminating parental rights. In two issues, the mother asserts that the evidence was legally and factually insufficient to support termination based on endangerment and best-interest findings. *See* TEX. FAM. CODE §§ 161.001(1)(E) & (2). We find sufficient evidence to support the trial court's decree, and we affirm.

## Background

The child involved in this proceeding initially lived with her mother and maternal grandmother at the grandmother's home. The child's father did not live with the family or appear at any point in the termination proceedings.

The Department of Family and Protective Services initially investigated the family after the grandmother's boyfriend sexually abused one of the grandmother's other children. The Department investigated the family again upon reports that the appellant in this case, who was 16 years old at the time, ran away from home with her infant child, who was then under a year old, thereby placing the child in danger.

The mother initially placed her child in the care of a cousin, and she made preparations to place the child with the cousin permanently. In a subsequent incident, several of the mother's relatives kicked down the cousin's door in an attempt to retrieve the child. Afterwards, the grandmother told law enforcement that if the mother returned to her home she would "beat her." The mother informed the Department that if forced to stay with the grandmother, she would continue to run away.

The Department initiated this proceeding to terminate the mother's parental rights. Pursuant to temporary court orders, the Department removed the child from the home and was named the child's temporary conservator, and the mother was

2

ordered to complete a family service plan. Among other requirements, the plan mandated a psychological evaluation, drug and alcohol assessment, and individual counseling, and it required the mother to complete high school and remain drug-free. The mother completed a psychological assessment in accordance with the plan, but she failed to attend the required individual and family therapy, allegedly because she ran away once more.

The psychological assessment showed that the mother had a borderline intellectual disability, as well as both ADHD and bipolar disorder. At a subsequent status hearing, the mother tested positive for both cocaine and marijuana. The mother claimed that she did not use cocaine and did not know why the initial test was positive. She did acknowledge regular use of marijuana. A later test was positive only for marijuana.

The Department initially placed the child with another one of the mother's cousins, but that cousin tested positive for marijuana, and the child was removed. The Department denied placement with the grandmother because of the prior instance of child abuse at the home, as well as the fact that the grandmother's current husband was in prison for an unrelated murder. The Department eventually placed the child with a foster family. According to the foster mother, at the beginning of the placement the child smelled of cigarettes and had a deep cough.

The child also would cry frequently and have difficulty sleeping. These issues considerably improved over the course of the foster care placement.

The trial court terminated the mother's parental rights, relying on the grounds that she "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child" and that she failed to comply with the provisions of the court-ordered family service plan. *See* TEX. FAM. CODE §§ 161.001(1)(E) & (O). The court ruled that the child should remain in the current placement with the foster family. The mother appealed.

## Analysis

On appeal, the mother contends that the evidence was legally and factually insufficient to support the finding of endangerment under Texas Family Code section 161.001(1)(E), and the finding that termination of her parental rights was in the best interest of the child under Texas Family Code section 161.001(2).

For the Department to terminate parental rights under section 161.001 of the Family Code, it must establish by clear and convincing evidence that the parent committed one or more of the statute's enumerated acts or omissions that justify termination, and also that termination is in the best interest of the child. TEX. FAM. CODE § 161.001. Clear and convincing proof is the "measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to

the truth of the allegations sought to be established." *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002) (quoting *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979)). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

The appellate standard for reviewing factual findings in a termination proceeding is "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *C.H.*, 89 S.W.3d at 25. This standard "retains the deference an appellate court must have for the factfinder's role." *Id.* at 26. The appellate court "should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). If the court of appeals concludes that a factfinder could not have reasonably formed a firm belief or conviction, the evidence is factually insufficient, and the court "should detail in its opinion why it has concluded that a reasonable factfinder could not have credited disputed evidence in favor of the finding." *Id.* at 266–67.

Legal sufficiency is similarly determined by "whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *Id.* at 266. To review legal sufficiency, an appellate court looks at all the evidence in the light most favorable to the finding, and "must assume that the factfinder resolved

disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* If the appellate court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, it must conclude that the evidence is legally insufficient. *Id.*

## I.     Sufficiency of the evidence of endangerment

The mother challenges the sufficiency of the evidence to support termination of her parental rights under section 161.001(1)(E), claiming that she did not engage in conduct or knowingly place her child with persons who engaged in conduct that endangered the child's physical or emotional well-being. However, the mother does not challenge the trial court's finding that she did not comply with the family service plan and thus was subject to termination under section 161.001(1)(O).

Because the mother did not challenge both statutory predicate grounds for termination, we need not review the merits of her challenge to the endangerment finding. The trial court found that both statutory grounds supported termination of the mother's parental rights. "[C]lear and convincing proof of any one ground will support a judgment terminating parental rights, if similar proof also exists that termination is in the child's best interest." *In re S.M.R.*, 434 S.W.3d 576, 580 (Tex. 2014); *see* TEX. FAM. CODE § 161.001; *A.V.*, 113 S.W.3d at 362. The mother did not challenge the trial court's finding regarding failure to comply with the family service plan, and as a result we conclude that the trial court did not err in finding

predicate grounds for termination pursuant to section 161.001(1). *See Toliver v. Tex. Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that court did not need to address sufficiency argument regarding one ground for termination when appellant failed to challenge three other section 161.001(1) grounds).

We overrule the mother's first issue.

## II.    Sufficiency of the evidence for best-interest finding

The mother also challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that termination of parental rights is in the child's best interest. Unchallenged predicate findings can support a finding that termination of a parent's rights is in the child's best interest. *See C.H.*, 89 S.W.3d at 28; *see also In re M.S.*, No. 01-15-00451-CV, 2015 WL 5769993, at *5 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.).

When reviewing a finding that termination of parental rights is in the child's best interest, we consider the factors set forth in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976) which include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional or physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) available programs that could assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agents

seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *Holley*, 544 S.W.2d at 371–72. These factors are not exhaustive, and not all of them must be proved as a condition precedent to parental termination. *C.H.*, 89 S.W.3d at 27. Evidence that establishes one of the predicate acts under section 161.001(1) can also be relevant to determining the best interest of the child. *See id.* at 28.

We conclude that there was sufficient evidence for the trial court to form a firm belief or conviction that termination of parental rights was in the best interest of the child. Because she was under a year of age during the events leading to trial, the child was too young to express her wants or desires to the court. However, the Department presented clear and convincing evidence of emotional and physical danger. The foster mother testified that after leaving the mother's care, the child had a bad cough, trouble sleeping, and emotional issues including frequent crying. These issues improved after the child was placed in foster care. Furthermore, the violent acts of the mother's family members supported the trial court's conclusion that there was a risk for future emotional or physical danger to the child if the mother were to retain her parental rights.

The mother's acts and omissions also supported the finding that termination of parental rights is in the child's best interest. The mother failed to complete counseling and tested positive for drug use. She repeatedly ran away, which indicated the instability of the child's home. The trial court's unchallenged finding that the mother did not comply with the court-ordered family service plan also supports the finding that termination was in the best interest of the child. *See id.*

Viewing all the evidence in the light most favorable to the judgment, we conclude that a reasonable factfinder had sufficient evidence to form a firm belief or conviction that termination of the mother's parental rights was in the child's best interest. *See* TEX. FAM. CODE § 161.001(2); *J.F.C.*, 96 S.W.3d at 266. Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's ruling, and we overrule the mother's second issue.

## Conclusion

We affirm the decree of the trial court.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

9